[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of a single family home located at 45 Woodruff Drive, Guilford, Connecticut (the "premises"). The plaintiffs entered into a written lease for the premises with the defendant Joan Kilbride for a term of one year beginning July 1, 1989. The defendant Gwen Wilson signed a written guaranty of the performance of the lease by Ms. Kilbride. Mrs. Wilson is Ms. Kilbride's mother.
In October, 1989, the plaintiffs caused a notice to quit to be served on Ms. Kilbride. Summary process proceedings later were brought and judgment entered against Ms. Kilbride. As a result of the summary process action, Ms. Kilbride vacated the premises in mid-January 1990. This is the plaintiffs' action for unpaid rent, fees and costs associated with the summary process proceedings and for damages for repairs to the premises resulting from Ms. Kilbride's tenancy.
Ms. Kilbride did not testify at or appear for trial. The principal defendant is Mrs. Wilson, who suggested at trial that the guaranty should not be enforced. The court finds that the guaranty is valid and enforceable. At the time when the lease was signed Ms. Kilbride was unemployed. The plaintiffs therefore insisted on a guarantor and Mrs. Wilson agreed to be "on the lease." Although Mrs. Wilson was experiencing significant emotional turmoil at the moment when she actually signed the guaranty, she admittedly understood the consequences of signing the guaranty within two days after signing it. At that time she called the plaintiffs and asked to be relieved of her liability. The plaintiffs told her that if she could find another guarantor, they would release her. Mrs. Wilson never found another guarantor nor did she revoke her guaranty. She knew she would have to remain on the lease in order to have her grandchildren live at the premises, which was close to Mrs. Wilson's home. Mrs. Wilson is liable for all damages resulting from Ms. Kilbride's breach of the lease.
The plaintiffs' first claim is for unpaid rent due under the lease. The court finds the defendants liable for $4,800.00 in unpaid rent or use and occupancy for the months of October, November and December, 1989 and January 1990 at the monthly rate of $1,200.00 as set forth in the lease. CT Page 4030
The plaintiffs next seek judgment for repairs and extraordinary cleaning of the premises made necessary by the defendant Kilbride's abuse and neglect of the premises. After Ms. Kilbride vacated, the plaintiffs found the premises to be in deplorable condition. Trash was piled up and strewn about through the interior of the house and all over the yard. Windows and screens were broken, crayon marks and holes were found on the walls, carpets were stained. Mrs. Wilson herself called the premises a "disaster" and admitted that it was her responsibility to put them back in repair. Initially, members of Mrs. Wilson's family worked to clean and repair the premises. However, the plaintiffs disagreed with the quality and pace of their work and asked them to stop.
Thereafter, the plaintiffs incurred the following expenses, which are found to have been caused by Ms. Kilbride's neglect or abuse of the premises.
a. carpet cleaning $125.00
 b. painting of all interior walls and kitchen ceiling and repairs of holes in walls 600.00 ------- Total $725.00
In addition, Mr. Gallagher, who is in the construction business, spent fourteen hours of his own time making various repairs and cleaning the yard. The plaintiffs are entitled to $280.00 reimbursement for his work. This is calculated at $20.00 per hour, the same hourly rate which Mrs. Wilson's son, a landscaper, charged Mrs. Wilson for the initial work on the premises which he did. The defendants stipulated and agreed at trial that they also owe the plaintiffs $426.37 for unpaid utility bills.
The total of rent and damages due from the defendants to the plaintiffs is $6,231.37. In addition the plaintiffs claim and are entitled under the lease to $1,250.00 in attorneys' fees and $164.60 in fees and costs incurred as a result of bringing the summary process action against Ms. Kilbride. The attorneys' fees are found reasonable in that Ms. Kilbride stipulated to judgment only after the case was scheduled for trial. The full total of plaintiffs' claim before credit for the security deposit is $7,645.97.
The plaintiffs admit owing the defendants a credit of $1,200.00 for the security deposit. Mrs. Wilson claimed that the security deposit was $1,800.00. Her claim cannot be sustained, however, in light of the written admissions of Ms. Kilbride that she had only paid $1,200.00. CT Page 4031
The total due after credit for the security deposit is $6,445.97, to which must be added plaintiffs' attorneys' fees for this action. The plaintiffs asked for attorneys' fees of $1,570.00, but the fees must be reduced to the 15% statutory maximum as provided in Connecticut General Statutes 42-150aa(b), which in this case is $966.90.
Judgment is entered for the plaintiffs against the defendants for $7,412.87, plus costs.
CHRISTINE S. VERTEFEUILLE, JUDGE